UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-CR-40-CHB-HAI |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION[1] |
| FINLEY WOOTON, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On May 5, 2025, counsel for Defendant Finley Wooton orally moved for a pretrial competency evaluation during a hearing on Defendant's custodial status. D.E. 17. Counsel voiced concerns about Defendant's ability to understand counsel and retain case-related knowledge. Counsel described that, during their preparation, Defendant would initially understand counsel's explanations of concepts, but would forget the concept within two to three minutes. The Court granted the motion, ordered the evaluation to occur in a custodial setting, and Defendant was remanded to the custody of the United States Marsal. *Id.* Defendant was ordered to undergo a competency evaluation at the Federal Medical Center in Lexington, Kentucky. D.E. 20. Due to the pending competency issue, District Judge Boom rescheduled the trial for August 26, 2025. D.E. 28.

On July 3, 2025, the Court and parties received the resulting "Forensic Psychological Report" (the "Report") from forensic psychologist Haley N. Wentowski. D.E. 35. In the Report, Dr. Wentowski opined that Defendant is competent for trial purposes. *Id.* at 12. After receipt of

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

the Report and Defendant's return to the District, the Court conducted a final hearing on competency on July 18, 2025. D.E. 36. During the final competency hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator. They stipulated to Dr. Wentowski's qualifications as an expert forensic psychologist.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question.

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

*See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

The defense stipulated as to both the admissibility and substance of the Report.  D.E. 36. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Wentowski.  The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards.  D.E. 35.  The author analyzed Defendant's history, course of evaluation, and testing performance.  Dr. Wentowski directly observed Defendant via interviews and subjected him to (1) the Revised Competency Assessment Instrument, (2) the Competence Assessment for Standing Trial for Defendants with Mental Retardation, (3) the Wechsler Adult Intelligence Scale-Fourth Edition, and (4) the Test of Memory Malingering.  *Id.* at 2.  Dr. Wentowski reviewed Defendant's BOP medical and psychological records.  She reviewed phone calls Defendant made at the medical center and communicated with defense counsel and counsel for the government.  *Id.*

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition.  According to the Report, Defendant stated he had never been diagnosed with a mental health condition, prescribed psychiatric medication, or hospitalized due to mental health symptoms.  *Id.* at 3.  Defendant reported he dropped out of school after the eighth grade to work.  *Id.*  While in school, he recalled being required to repeat a grade and participating in special education classes but was unable to remember further details.  *Id.* at 2-3.

The Report indicates Defendant was "alert and attentive" during his time at FMC Lexington.  *Id.* at 5.  He was able to adapt to FMC Lexington's policies and procedures, "independently and routinely complet[ing] his activities of daily living," such as managing

3

personal hygiene. *Id.* While "[t]here were no indications [Defendant] was suffering from significant memory impairment," the evaluator observed some intellectual deficits. *Id.* at 6. Defendant often required prompting, repeated explanation, and use of basic language during interviews. *Id.* at 5-6.

The Report diagnoses Defendant under the DSM-5 with mild Intellectual Developmental Disorder. *Id.* at 6. The Report concluded that this diagnosis did not interfere with Defendant's ability to adequately participate in and assist with his defense. *Id.* at 7, 10.

The evaluator found that Defendant had an adequate understanding of the court proceedings. The Report reflects that, with continuing education from the evaluator, Defendant was able to identify and provide basic descriptions of the roles and functions courtroom participants, court procedures, plea options, and appropriate courtroom behavior. *Id.* at 8-9. Moreover, the Report explains Defendant is "capable of learning and retaining new information about the legal system." *Id.* at 10.

The evaluator also found that Defendant had an adequate ability to assist defense counsel. The Report notes that, after education from Dr. Wentowski, Defendant was able to identify the nature of his charge and potential penalties. *Id.* at 10. He was capable of explaining the relationship between him and his attorney, and how he could assist his attorney in his defense. *Id.* at 11-12. With help from Dr. Wentowski, Defendant could identify the potential strengths and weaknesses of his case. *Id* at 11. While the Report reflects that Defendant described a lack of knowledge concerning the factual allegations behind his charge and arrest, the Report views this "as avoidance of discomfort as opposed to a genuine deficit." *Id.* at 10-11

In conclusion, the evaluator found that while Defendant has a mild intellectual disability, "his intellectual deficits are not rendering him mentally incompetent to the extent that he is unable

to understand the nature and consequences of the proceedings against him or properly assist in his defense." *Id.* at 12. Accordingly, the Report indicates that Defendant is competent to proceed.

At the final hearing, defense counsel said that the Report was consistent with his interactions with Defendant since his return to this District. D.E. 36. Defense counsel explained that Defendant understands the Report and the proceedings as a whole but will likely need to be refreshed throughout the remainder of the case. The Court reiterated the Report's findings to Defendant, who confirmed his understanding. In doing so, the Court emphasized the Report's opinion that Defendant benefits from repetitive and slow explanation in ensuring continued comprehension. *Id.*; *see* D.E. 35 at 12.

In the Report, Dr. Wentowski accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. The Report unambiguously supports a finding that both prongs of the Dusky competency test are met in this case, and its conclusions are unrebutted. The Court also observed and interacted with Defendant at his competency hearing. D.E. 36. Defendant was composed and respectful to the Court throughout the proceedings and understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning

the right to appeal to the District Judge.  Any objection must be filed within **THREE (3) DAYS** of the entry of this recommendation.  Failure to object per Rule 59(b) waives a party's right to review.  Upon expiration of that three-day period, this matter will be submitted to Judge Boom for her consideration and to address the procedural posture.

This the 23rd day of July, 2025.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge